**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

DORIS MAHAN,

     Plaintiff,

v.                                        CASE NO.

NCO FINANCIAL SYSTEMS, INC.,

     Defendant.

_____/

## COMPLAINT

     Plaintiff, DORIS MAHAN (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against, Defendant, NCO FINANCIAL SYSTEMS, INC., (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Florida, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person residing in Marianna, Jackson County, Florida.

1

6.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt.

7.  Defendant is a collection agency headquartered in Horsham, Pennsylvania.

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.  Upon information and belief, Defendant is attempting to collect a consumer debt owed by Greg Schuster, Dennis Romaris, and Dennis Tyrus.

10. Upon information and belief, the alleged debt owed arises from transactions for personal, family, and household purposes.

11. Starting in approximately the end of 2010, Defendant began placing collection calls to Plaintiff at 850-263-8352, in an attempt to collect a debt.

12. Plaintiff's telephone number, 850-263-8352, is connected to Plaintiff's fax machine.

13. Defendant called Plaintiff from 757-990-8982, a telephone number belonging to Defendant.

14. Plaintiff called Defendant back several times and repeatedly asked Defendant to stop calling Plaintiff.

15. Plaintiff found out that Defendant was attempting to collect a debt from Greg Schuster, Dennis Romaris, and Dennis Tyrus.

16. Plaintiff informed Defendant that Greg Schuster is Plaintiff's husband's ex-wife's husband, however Plaintiff does not know Greg Schuster's location.

17. Plaintiff also informed Defendant that Plaintiff does not know Dennis Romaris or Dennis Tyrus.

18. Plaintiff told Defendant that Plaintiff's husband has cancer and the constant phone calls to Plaintiff's fax machine disturb Plaintiff's husband.

19. Defendant informed Plaintiff for months that Defendant would remove Plaintiff's telephone from its auto-dialer and would stop calling Plaintiff.

20. Despite Plaintiff's requests, and despite Defendant's reassurances, Defendant continued to place collection calls to Plaintiff at 850-263-8352.

21. As a result of Defendant's continued calls, Plaintiff suffered emotional distress, anguish and mental suffering.  When Defendant calls Plaintiff, Plaintiff feels stress, aggravation, anguish, anxiety, fear and paranoia.  Every time the phone or fax rings or she sees an incoming or missed call from Defendant it has disturbed both Plaintiff's husband who had stage 4 cancer, and Plaintiff.

22. The volume and frequency of the calls inflicted anxiety on Plaintiff, negatively affected the quality of her and her husband's life and disrupted her daily activities.

23. Plaintiff is the sole caregiver for her terminally ill husband and grandchild.

24. Additionally, Plaintiff has a heart condition and was advised by her doctors to avoid stressful situations when possible.

25. The constant and continuous calls from Defendant after informing them repeatedly that she was not the persons they were seeking created additional mental anguish and stress on top of an already stressful situation.

//

//

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26. Defendant violated the FDCPA based on the following:

    a.   Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b.   Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, DORIS MAHAN, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

27. Actual damages to compensate Plaintiff for her mental anguish, emotional distress, anxiety, depression, inconvenience, and the disruption of her day caused by Defendant in an amount to be determined by the trier of fact pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692*,

28. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

29. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*, and

30. Any other relief that this Honorable Court deems appropriate.

//

//

//

//

//

4

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DORIS MAHAN, demands a jury trial in this

cause of action.


RESPECTFULLY SUBMITTED,

DATED:  April 10, 2012

KROHN & MOSS, LTD.


By:   /s/ Shireen Hormozdi
                Shireen Hormozdi
                Krohn & Moss, Ltd
                10474 Santa Monica Blvd.
                Suite 401
                Los Angeles, CA 90025
                Tel: (323) 988-2400 x 267
                Fax: (866) 861-1390
                Email: shormozdi@consumerlawcenter.com